**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| Debtors. | ) (Jointly Administered) |
| | ) **Hearing Date** |
| | ) January 21, 2026, at 9:30 a.m. (E.T.) |
| | ) **Objection Deadline** |
| | ) January 12, 2026, at 11:59 p.m. (E.T.) |

**SUPPLEMENTAL MOTION OF THE
DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING
THE SETTLEMENT AGREEMENTS BY AND AMONG THE DEBTORS
AND CERTAIN PENSION FUNDS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors,") state as follows in support of this supplemental motion:[2]

1. On November 26, 2025, the Debtors filed the *Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements By and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief* [Docket No. 8296], attached hereto as **Exhibit A** (the "Motion"),[3] in which the Debtors and fourteen multiemployer pension plans (collectively, the "Initial MEPP Settling Parties" and together with the Debtors, the "Initial Settling Parties") seek approval of settlement agreements between each of the Initial MEPP Settling Parties and the

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases (as defined in the Motion) may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' Chapter 11 Cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14].

[3] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Debtors (the "Initial Settlement Agreements"). Attached as Exhibit A to the Motion, the Debtors also filed the *Order (I) Approving the Settlement Agreements By and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief* [Docket No. 8296-2] (the "Original Proposed Order"). Attached as Exhibit 1(a)–(n) of the Original Proposed Order were settlement term sheets between the Debtors and each of the Initial MEPP Settling Parties, which embodied the terms of the Initial Settlement Agreements (the "Initial Settlement Term Sheets"). Three of the Initial Settlement Term Sheets were not fully executed by the Initial Settling Parties and were filed without signed signature pages (the "Unexecuted Term Sheets").

2. On December 11, 2025, the Debtors filed the *Notice of Filing of Amended Proposed Order (I) Approving the Settlement Agreements By and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief* [Docket No. 8377], (the "Amended Proposed Order") in which the Debtors amended the Original Proposed Order to include the executed signature pages of the three Unexecuted Term Sheets. The Amended Proposed Order modifies and supersedes the Original Proposed Order.

3. As described in the Motion, prior to the Debtors' operational shutdown, certain of the Initial MEPP Settling Parties and parties-in-interest to the Debtors and their estates received special financial assistance pursuant to the American Rescue Plan Act of 2021 (collectively, the "SFA Pension Funds").[4]

4. Notably, one SFA Pension Fund, Road Carriers Local 707 Pension Fund ("Local 707"), asserted aggregate claims against the Debtors and their estates for over $245 million on account of withdrawal liability and other related claims ("Local 707's

---

[4]   *See* Motion ¶ 14.

Claims").[5]  While eight of the fourteen of the Initial MEPP Settling Parties are SFA Pension Funds, Local 707 was not one of the Initial MEPP Settling Parties.

5. Since the filing of the Motion, the Debtors have executed a settlement agreement with Local 707 settling each of Local 707's Claims against the Debtors and their estates (the "Local 707 Settlement Agreement"). The Debtors and Local 707 have thereby agreed to settle such claims pursuant to their corresponding term sheet, attached hereto as **Exhibit B**, (the "Local 707 Term Sheet"), in the amount of $25,652,000 which was determined through the methodology set forth in the Motion.[6]

6. The Debtors believe that pursuant to the Proposed Order (as defined herein), the Local 707 Settlement Agreement should be approved for the reasons set forth in the Motion.[7] While the Motion does not explicitly contemplate any settlement between the Debtors and Local 707, the arguments presented in the Motion apply with equal force to the Local 707 Settlement Agreement and thereby provide a basis for the Court's approval of both the Local 707 Settlement Agreement and the Initial Settlement Agreements.

7. The Debtors now seek entry of an order, substantially in the form attached hereto as **Exhibit C** (the "Proposed Order"), which modifies and supersedes the Amended Proposed Order, (a) approving the Local 707 Settlement Agreement, in addition to the Initial Settlement Agreements, each as set forth in their respective term sheets, and annexed hereto respectively as Exhibits 1(a)–(o) to **Exhibit C**, and (b) granting related relief.

---

[5]  *See* Proofs of Claim Nos. 14941, 14943,14945, 15170, 19144, 19527, 19528, 20023–2044.

[6]  *See* Motion ¶¶ 32–49.

[7]  *See* Motion ¶¶ 50–73.

3

8. A hearing to consider approval of the Motion is scheduled to be held on January 21, 2026, at 9:30 a.m. (ET) before the Honorable Craig T. Goldblatt, United States Bankruptcy Court Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Courtroom No. 7, Wilmington, Delaware 19801 (the "Hearing"). The Debtors will now seek entry of the Proposed Order at the Hearing.

9. For the foregoing reasons, the Debtors respectfully submit that the terms of each of the Initial Settlement Agreements, as well as the Local 707 Settlement Agreement, satisfy the criteria for approval under Bankruptcy Rule 9019 and the Court should accordingly enter an order in substantially the same form as the Proposed Order.

*[Remainder of page intentionally left blank]*

Dated:  December 22, 2025
Wilmington, Delaware

| | |
|---|---|
| */s/ Laura Davis Jones* | |
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | **KIRKLAND & ELLIS LLP** |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | 333 W Wolf Point Plaza |
| 919 North Market Street, 17th Floor | Chicago, Illinois 60654 |
| P.O. Box 8705 | Telephone: (312) 862-2000 |
| Wilmington, Delaware 19801 | Facsimile: (312) 862-2200 |
| Telephone: (302) 652-4100 | Email: patrick.nash@kirkland.com |
| Facsimile: (302) 652-4400 | david.seligman@kirkland.com |
| Email: ljones@pszjlaw.com | |
| tcairns@pszjlaw.com | *Co-Counsel for the Debtors and Debtors in Possession* |
| pkeane@pszjlaw.com | |
| ecorma@pszjlaw.com | |